**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JESSE RIOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 5:21-cv-590 |
| HARTFORD LIFE AND ACCIDENT | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**PRELIMINARY STATEMENT**

Plaintiff JESSE RIOS, hereinafter referred to as "Plaintiff," brings

1.      This ERISA action against Hartford Life and Accident Insurance Company, in its capacity as Administrator of the Sysco Corporation Long Term Disability Plan, hereinafter referred to as "Defendant".  Plaintiff brings this action to secure all disability benefits, whether they be described as short term, long term and/or waiver of premium claims to which Plaintiff is entitled under a disability insurance policy underwritten and administered by Defendant.  Plaintiff is covered under the policy by virtue of his employment with Sysco Corporation.

**PARTIES**

2.      Plaintiff is a citizen and resident of San Antonio, Texas.

3.      Defendant is a properly organized business entity doing business in the State of Texas.

4.      The disability plan at issue in the case at bar was funded and

administered by Defendant.

5.      Defendant is a business entity doing business in the Western District of Texas.  Defendant may be served with process by serving its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

## JURISDICTION AND VENUE

6.      This court has jurisdiction to hear this claim pursuant to 28 U.S.C. ' 1331, in that the claim arises under the laws of the United States of America.  Specifically, Plaintiff brings this action to enforce his rights under section 502(a)(1)(B) of the Employee Retirement Income Security Act, (ERISA), which provides "[a] civil action may be brought . . . (1) by a participant or by a beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."   29 U.S.C. § 1132(a)(1)(B).

7.      Venue in the Western District of Texas is proper by virtue of Defendant doing business in the Western District of Texas.    Under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found."  29 U.S.C. § 1132(e)(2).  Therefore, venue may also be proper under the third prong of ERISA's venue provision, specifically "where a defendant resides or may be found." (*Id.*)  "District courts within the Fifth Circuit have adopted the reasoning outlined by the Ninth Circuit in *Varsic v. United States District Court for the Central District of California*, 607 F.2d 245 (9th Cir. 1979). See Sanders v. State Street Bank and Trust Company*, 813 F. Supp. 529, 533 (S.D.

Tex. 1993).  The Ninth Circuit, in *Varsic*, concluded that whether a defendant "resides or may be found" in a jurisdiction, for ERISA venue purposes, is coextensive with whether a court possesses personal jurisdiction over the defendant.   *Varsic*, 607 F.2d at 248." *See Frost v. ReliOn, Inc.*, 2007 U.S. Dist. LEXIS 17646, 5-6 (N.D. Tex. Mar. 2, 2007). Under ERISA's nationwide service of process provision, a district court may exercise personal jurisdiction over the defendant if it determines that the defendant has sufficient ties to the United States.  See *Bellaire General Hospital v. Blue Cross Blue Shield of Michigan, 97 F.3d 822, 825-26 (5th Cir. 1996)*, citing *Busch v. Buchman, Buchman & O'Brien, Law Firm, 11 F.3d 1255, 1258 (5th Cir. 1994)*.  Here, Defendant is "found" within the Western District of Texas, as it does business here, and the court has personal jurisdiction over Defendant, as it has sufficient ties to the United States.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

8.    Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action.  Said policy became effective January 1, 2017.

9.    The disability policy at issue was obtained by Plaintiff by virtue of Plaintiff's employment with Sysco Corporation at the time of Plaintiff's onset of disability.

10.    Under the terms of the policy, Defendant administered the Plan and retained the sole authority to grant or deny benefits to applicants.

11.    Defendant funds the Plan benefits.

12.    Because the Defendant both funds the Plan benefits and retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest.

3

13.     Because of the conflict of interest described above, this Court should consider Defendant's decision to deny disability benefits as an important factor during its review.

14.     Except as stated in paragraph 15 below, benefit denials governed under ERISA are generally reviewed by the courts under a *de novo* standard of review. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

15.     In order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard and not a *de novo* standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

16.     In Texas, for disability insurance policies, certificates or riders offered, issued, renewed or delivered on or after February 1, 2011 said "discretionary clauses" are prohibited under 1701.062(a) Texas Insurance Code.

17.     Further, for disability insurance policies issued prior to February 1, 2011 that do not contain a renewal date, said discretionary clause prohibition applies after June 1, 2011 upon any rate increase or any change, modification or amendments on or after June 1, 2011.

18.     Plaintiff contends that the Plan fails to give the Defendant said discretion as said discretionary language is prohibited under 1701.062(a) Texas Insurance Code.

19.     Pursuant to *Ariana M. v. Humana Health Plan of Texas*, 884 F.3d. 246, 249 (5th Cir. 2018), (overruling *Pierre v. Conn. Gen. Life Ins. Co.*, F2d. 1562 (5th Cir. 1991), the 5th Circuit has recently held that absent a valid grant of discretion, both the

"interpretation of plan language" and "factual determinations" are to be reviewed by the court under a *de novo* standard.  Therefore, pursuant to *Ariana*, the court should review this matter *de novo*.

20.    ERISA does not preempt state bans on discretionary clauses because of the "savings clause."  ERISA preempts "any and all State laws insofar as they … relate to any employee benefit plan."  The "savings clause," however, preserves "any law … which regulates insurance…".  To fall within the savings clause, a state law must: Be "specifically directed toward entities engaged in insurance" and "substantially affect the risk pooling arrangement between the insurer and the insured."  *Kentucky Association of Health Plans, Inc. v. Miller*, 538 U.S. 329, 342 (2003).

21.    Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

## ADMINISTRATIVE APPEAL

22.    Plaintiff is a 59 year old man previously employed by Sysco Corporation as a "Route Driver - Heavy."

23.    Route Driver - Heavy is classified under the Dictionary of Occupational Titles as Medium with an SVP of 4 and considered to be semi-skilled work.

24.    Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on March 7, 2020, as on this date Plaintiff suffered from an acute myocardial infarction.

25.    Plaintiff alleges that he became disabled on March 12, 2020.

26.    Plaintiff filed for short term disability benefits with Defendant.

27.    Short term disability benefits were initially granted but subsequently cut

5

off.

28.    Plaintiff filed for long term disability benefits through the Plan administered by the Defendant.

29.    On October 30, 2020, Defendant denied long term disability benefits under the Plan.  Said letter allowed Plaintiff 180 days to appeal this decision.

30.    At the time Defendant denied Plaintiff long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform his "Own Occupation."

31.    If granted the Plan would pay monthly benefits of $4,108.78.

32.    On November 6, 2020, Plaintiff pursued his administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

33.    Plaintiff timely perfected his administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

34.    Plaintiff submitted additional information including medical records to show that he is totally disabled from the performance of both his own and any other occupation as defined by the Plan.

35.    On or about September 18, 2020, Defendant's paid consultant, Darius J. Marhamti, M.D., cardiovascular disease, performed a peer review of Plaintiff's claim file.

36.    There is an indication that a "Susan Lewis-Matt, RN," clinical case manager, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

37.    There is an indication that a "Charmain Milazzo, RN," medical case

manager, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

38.     There is an indication that a "Deeann M. Morgen, RN" reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

39.     There is an indication that a "Janet C. Osen, RN" reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

40.     Defendant's consultants completed their reports without examining Plaintiff.

41.     On January 4, 2021, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability benefits.

42.     Defendant also notified Plaintiff on January 4, 2021 that Plaintiff had exhausted his administrative remedies.

43.     Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on his/her ability to engage in work activities.

44.     Plaintiff has now exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## MEDICAL FACTS

45.     Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

46.     Plaintiff suffers from a heart attack with blood clots lodged near the heart,

requiring a defibrillator in the heart.

47.    Treating physicians document continued chronic pain, as well as decreased range of motion and weakness.

48.    Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed his ability to engage in any form of exertional activity.

49.    Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

50.    Plaintiff's treating physicians document these symptoms.  Plaintiff does not assert that he suffers from said symptoms based solely on his own subjective allegations.

51.    Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address his multiple symptoms.

52.    However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

53.    Plaintiff's documented pain is so severe that it impairs his ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full-time basis, meaning an 8-hour day, day after day, week after week, month after month.

54.    Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

55.    The aforementioned impairments and their symptoms preclude Plaintiff's

performance of any work activities on a consistent basis.

56.     As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan.

57.     However, after exhausting his administrative remedies, Defendant persists in denying Plaintiff his rightfully owed disability benefits.

## DEFENDANT'S CONFLICT OF INTEREST

58.     At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

59.     Defendant's determination was influenced by its conflict of interest.

60.     Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

61.     The long term disability Plan gave Defendant the right to have Plaintiff submit to a physical examination at the appeal level.

62.     A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

63.     More information promotes accurate claims assessment.

64.     Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

## COUNT I:
## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

65.     Plaintiff incorporates those allegations contained in paragraphs 1 through 64 as though set forth at length herein

9

66.     Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

      a.     Plaintiff is totally disabled, in that he cannot perform the material duties of his own occupation, and he cannot perform the material duties of any other occupation which his medical condition, education, training, or experience would reasonably allow;

      b.     Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

      c.     Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious; and

      d.     Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

## COUNT II:  ATTORNEY FEES AND COSTS

67.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 66 above.

68.     By reason of the Defendant's failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees.  Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, **Plaintiff demands judgment for the following:**

10

A.      Grant Plaintiff declaratory relief, finding that he is entitled to all past due short term and long term disability benefits yet unpaid;

B.      Order Defendant to pay past short term and long term disability benefits retroactive to July 26, 2020 to the present in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan, plus pre-judgment interest;

C.      Order Defendant to remand claim for future administrative review and continue to make future long term disability benefits in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan until such time as Defendant makes an adverse determination of long-term disability consistent with ERISA and Plaintiff's entitlements under the Plan;

D.      Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

E.      For such other relief as may be deemed just and proper by the Court.


Dated:  Houston, Texas
       June 21, 2021

                                      Respectfully submitted,

                                      MARC WHITEHEAD & ASSOCIATES,
                                      ATTORNEYS AT LAW L.L.P.


                            By:      /s/ J. Anthony Vessel_____
                                      J. Anthony Vessel
                                          Tex. Bar. No. 24084019
                                          Fed. I.D. No. 1692384
                                          anthony@marcwhitehead.com
                                    Marc S. Whitehead
                                          Tex. Bar No. 00785238
                                          Fed. I.D. No. 15465
                                          marc@marcwhitehead.com

Britney Anne Heath McDonald
    Tex. Bar. No. 24083158
    Fed. I.D. No. 2621983
    britney@marcwhitehead.com
Madison Tate Donaldson
    Tex. Bar No. 24105812
    Fed. I.D. No. 3151467
    madison@marcwhitehead.com
Selina Valdez
    Tex. Bar No. 24121872
    Fed. I.D. No. 3633062
    selina@marcwhitehead.com
403 Heights Boulevard
Houston, Texas 77007
Telephone: 713-228-8888
Facsimile: 713-225-0940
ATTORNEY-IN-CHARGE
FOR PLAINTIFF,
JESSE RIOS